IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL FEDERATION OF INDEPENDENT BUSINESS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:05CV01329 |
| | ) | |
| THE ARCHITECTURAL AND TRANSPORTATION BARRIERS COMPLIANCE BOARD a/k/a/ ACCESS BOARD, et al | ) | Hon. Paul L. Friedman |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff has failed to establish that it can meet the requirements of standing or ripeness

and therefore, this Court must dismiss plaintiff's claims pursuant to Rule 12(b)(1).  Plaintiff

asserts that it is injured by defendants' alleged failure to consider the significant economic impact

on small businesses before issuing final revised architectural guidelines in violation of the

Regulatory Flexibility Act ("RFA").  Plaintiff's claimed injuries are neither particularized nor

concrete and do not satisfy even the reduced standing requirements that are applicable to cases

alleging denials of procedural rights.  Moreover, plaintiff's claims are simply not ripe.  On its

face, plaintiff's complaint challenges revised guidelines that are not directly enforceable against

plaintiff's members.  Rather, these guidelines merely serve as a baseline for standards that will be

established by the Department of Justice.  The Department of Justice, however, has not yet

revised its standards and incorporated the revised standards into regulations.  Thus, the extent to

which plaintiff's members may have to comply with standards yet to be revised by the

Department of Justice is unknown.  Relief for a future, hypothetical injury would be improper

under fundamental justiciability doctrines of ripeness and standing.

## ARGUMENT

### I.     PLAINTIFF HAS NOT PLED AN INJURY SUFFICIENT FOR STANDING

In an effort to establish standing, plaintiff erroneously argues that it only needs to satisfy

the less stringent standing requirements that apply to denials of procedural rights.[1]  Plaintiff's

Memorandum in Opposition to Defendants' Motion to Dismiss ("Pls. Opp.") at 13-16.

Specifically, plaintiff alleges that the Access Board has failed to comply with the mandates of the

RFA and that it has suffered injury as a result of the Access Board's failure to conduct a

regulatory flexibility analysis and instead issue a certification under section 605(b) that there was

no significant economic impact on a substantial number of small entities.  Id. at 15.

A plaintiff claiming a procedural injury "must show *both* (1) that their procedural right

has been violated, *and* (2) that the violation of that right has resulted in an invasion of their

concrete and particularized interest . . .*not just* the alleged procedural violation."  Ctr. for Law

and Educ. v. Dep't of Educ., 396 F.3d 1152, 1159 (D.C. Cir. 2005) (internal citations omitted)

(emphasis in original).  Plaintiff cannot meet this requirement because there has been no

violation of a procedural right, and because it has still failed to claim a concrete and

particularized injury beyond the alleged violation of the procedural right.

---

[1] Plaintiff does not even attempt in its opposition papers to argue that it can meet the more stringent standing requirements that would apply if the Court agrees that this case is not about a denial of a procedural right.  For the reasons set forth in defendant's opening memorandum, plaintiff cannot establish standing. See Memorandum In Support of Defendants' Motion to Dismiss ("Def. Mem.") at 11-12, 15-16.

A.  <u>There Has Been No Violation of a Procedural Right</u>

As an initial matter, this case is not a challenge to defendants' failure to follow procedures in accordance with the RFA; rather plaintiff is challenging the outcome of the procedural process – the defendants' decision to issue a 605(b) certification and therefore not conduct a regulatory flexibility analysis.  The RFA, however, permits agencies to either perform regulatory flexibility analyses, <u>see</u> 5 U.S.C. §§ 602, 603 and 604, or to make a certification that the proposed rule will not have a significant impact on a substantial number of small entities and to publish that certification along with the factual basis for the certification.  <u>Id.</u> at § 605(b).  Plaintiff does not dispute that the Access Board followed the procedure outlined in section 605(b).  Thus, this is not a case where defendants completely ignored the requirements of the RFA and neither conducted a regulatory flexibility analysis nor issued a 605(b) certification.  Therefore, because defendants complied with the procedural process of the RFA (although plaintiff disagrees with the outcome of the process), this case is not about a denial of procedural rights and the reduced standing requirements that apply to such a challenge are inapplicable here.

Moreover, it is not clear that RFA even accords plaintiff a procedural right in this instance because the Access Board does not directly regulate plaintiff's members.  The D.C. Circuit has consistently held that the statute only requires an agency to conduct the relevant analysis or certify "no impact" for those small businesses that are "subject to" the regulation, that is, those to which the regulation will apply.  <u>See</u>, <u>e.g.</u>, <u>Cement Kiln Recycling Coalition v. EPA</u>, 255 F.3d 855, 869 (D.C. Cir. 2001) (RFA does not apply to small businesses indirectly affected by regulation of other entities); <u>Motor & Equip. Mfrs. Ass'n v. Nichols</u>, 142 F.3d 449, 467 n.18 (D.C. Cir. 1998) ("The RFA itself distinguishes between small entities subject to an agency rule,

to which its requirements apply, and those not subject to the rule, to which the requirements do not apply.").

Here, the revised guidelines challenged in this suit are not directly enforceable against plaintiff's members; the Department of Justice is the agency responsible for adopting standards that may incorporate the revised guidelines and it is those regulations that will apply to plaintiff's members. <u>See</u> Def. Mem. at 5, 11. The fact that these revised guidelines may be eventually incorporated into DOJ's regulations does not change the result. In sum, because plaintiff's members are not "subject to" the challenged rule, the RFA's procedural requirements do not apply to plaintiff in this instance.

B. <u>Plaintiff Has Not Articulated A Concrete and Particularized Injury</u>

Even if this case involved a denial of a procedural right, plaintiff fails to meet the second requirement for alleging procedural injury because it has not explained how the supposed procedural violation caused it concrete injury. A procedural-rights plaintiff must demonstrate standing by "show[ing] not only that defendant's acts omitted some procedural requirement, but also that it is substantially probable that the procedural breach will cause the essential injury to the plaintiff's own interest." <u>Florida Audubon Society v. Bentsen</u>, 94 F.3d 658, 664-65 (D.C. Cir. 1996) (en banc). Thus, while plaintiff is correct that in procedural-rights cases the imminence and redressability requirements are relaxed (although not eliminated), <u>see</u> Pls. Opp at 13-14, plaintiff must still satisfy the general requirements of constitutional standards of particularized injury and causation. <u>See</u> <u>Florida Audubon</u> at 664.

Plaintiff, however, has erroneously conflated the alleged violation of a procedural right with the requirement of an injury to its concrete interest. Plaintiff asserts injury to its "members'

legal interest in having a decision making process that considers the impact of the regulatory action on their small business interests." Pls. Opp. at 15. Plaintiff then explains that the injury in fact occurred when the Access Board violated the RFA by finalizing the revised guidelines without conducting a regulatory flexibility analysis and instead issuing a 605(b) certification. Id. It is well-established, however, that plaintiff "must allege injury beyond mere procedural mistep *per se* to satisfy standing." Ctr for Law and Educ., 396 F.3d at 1160; see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 573 n.8 (1992) (rejecting argument that violation of procedural duty satisfies the concrete-injury requirement by itself without any showing that procedural violation endangered a concrete interest of the plaintiff apart from his interest in having the procedure observed). Plaintiff must show therefore that the act performed without the procedure in question will cause a distinct risk to a particularized interest of plaintiff. Wyoming Outdoor Council v. Forest Service, 165 F.3d 43,51 (D.C. Cir. 1999). As the D.C. Circuit has recognized "[t]he mere violation of a procedural requirement [] does not permit any and all persons to sue to enforce the requirements." Florida Audubon, 94 F.3d at 664-65; see also Communities for a Great Northwest, LTD v. Clinton, 112 F. Supp. 2d 29,36 (D.D.C. 2002) ("The mere allegation that the agency followed an improper process does not grant standing absent the assertion of a personal injury."). Here, plaintiff has not made the requisite showing. NFIB has failed to demonstrate that the alleged procedural violation affects its activities or interests apart from its general interest in having the procedure observed (an interest that is common to all members of the public). Thus, plaintiff has not met is burden of establishing a specific, concrete injury to support standing.

II.    <u>PLAINTIFF'S CLAIMS ARE NOT RIPE</u>

Plaintiff cannot satisfy either the constitutional or prudential ripeness requirements. "Ripeness. . . shares the constitutional requirement of standing that an injury in fact be certainly impending." <u>Nat'l Treasury Employees Union v. United States</u>, 101 F.3d 1423, 1427 (D.C. Cir. 1996). Under the prudential requirement of ripeness, "the court balances the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." <u>Id</u> In their papers, plaintiff asserts that it meets the constitutional ripeness requirements because it has already established an injury in fact sufficient to meet standing. Pl. Opp. at 16. As discussed above however, plaintiff has not articulated a specific, concrete injury sufficient for standing and moreover, it has failed to show that an injury is "certainly impending." As explained in defendant's opening memorandum, plaintiff's members suffer no immediate injury from either the Access Board's issuance of the revised guidelines nor from its section 605(b) certification because the Access Board's guidelines are not directly enforceable; plaintiff's members are only required to comply with DOJ's standards and the DOJ standards currently in effect are the standards initially issued by the Department in 1991. Def. Mem. at 11. Therefore, plaintiff's members must currently comply with DOJ's standards, as issued in 1991, and not the Access Board's revised guidelines. Thus, it is clear that plaintiff's "injury" is not "certainly impending."

Prudential ripeness concerns also mandate dismissal of the case. First, this case is not fit for judicial decision. <u>See</u> <u>Abbott Labs v. Gardner</u>, 387 U.S. 136, 149 (1967). Although the Access Board has issued a final rule revising its guidelines, the guidelines are not directly enforceable but merely serve as a baseline for the revised standards that will be established by the Department of Justice. <u>See</u> 42 U.S.C. § 12186(b). Until the Department issues such regulations,

however, it is not clear how plaintiff's members would be affected. The Department will conduct its own regulatory flexibility analysis, see 69 Fed. Reg. 58,768, 58,788-79 (2004), and that could modify the effect of the revised guidelines. Accordingly, the case is not currently fit for review since the Court would benefit by waiting until the effects of a not-yet-promulgated, unenforced regulation can be ascertained in the context of a concrete set of facts. Second, plaintiff will not suffer any hardship if review of this case were to wait until the Department conducts its own review under the RFA and issues regulations that apply to plaintiff's members.

Plaintiff's reliance on Nat'l Assoc. of Home Builders v. United States Army Corp of Engineers, 417 F.3d 1272 (D.C. Cir. 2005) is misplaced. In Nat'l Assoc. of Home Builders, plaintiff trade associations challenged the issuance of certain permits by the defendant on a number of grounds including the APA, the RFA and NEPA. Id. at 1277. In issuing the permits, the defendant had completely ignored the requirements of the RFA and contended that the RFA was inapplicable. In considering the RFA claim, the Court first analyzed whether the RFA was applicable finding that it was because the permits constituted a "rule" and there was final agency action. Id. at 1284-1285. The Court then went on to briefly explain when an RFA claim is ripe, stating that "'a person with standing who is injured by a failure to comply with the [] procedure may complain of that failure at the time the failure takes place, for the claim can never get riper.'" Id. at 1286 (quoting Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 737 (1998)). Relying on this dicta as controlling precedent, plaintiff mistakenly claims that its RFA claim is ripe. The instant case is distinguishable, however, in several respects. First, in discussing why the RFA claim was ripe, the Court had already determined that the plaintiff had standing – that is, that plaintiff had suffered an injury in fact as a result of the procedural violation. As explained

above, in the instant case, plaintiff has not satisfied the injury in fact requirement.  Moreover, in

Nat'l Assoc. of Home Builders, the plaintiff organization was directly affected by the procedural

violation since the permits being challenged "'grant rights, impose obligations, [and] produce

other significant effects on private interests.'"  Id. at 1285.  Here, as discussed above, the revised

guidelines do not even apply directly to plaintiff's members and will not be enforced against

plaintiff's members.  Additionally, the Nat'l Assoc. of Home Builders Court had found that there

was final agency action, id., whereas in the present case there are ongoing rulemaking

proceedings that may affect the outcome.   Thus, the holding in  Nat'l Assoc. of Home Builders

does not require this Court to find that plaintiff's claim is ripe.

## **CONCLUSION**

For the foregoing reasons, and those in defendants' motion to dismiss, the Court should

grant defendants' motion to dismiss.

Dated: November 22, 2005                    Respectfully submitted,


PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney


_____/s/_____
STUART A. LICHT (NY Bar)
MARSHA S. EDNEY D.C. Bar # 414271
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Ave, N.W., Room 7148
Washington, D.C. 20530
(202) 514-4520