UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NATIONAL FEDERATION OF      )
INDEPENDENT BUSINESS,       )
                            )
        Plaintiff,           )
                            )
    v.                       )   Civil Action No. 05-1329 (PLF)
                            )
THE ARCHITECTURAL AND       )
TRANSPORTATION BARRIERS     )
COMPLIANCE BOARD            )
a/k/a/ ACCESS BOARD, et al., )
                            )
        Defendants.          )
                            )

MEMORANDUM OPINION

This matter is before the Court on the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants argue that plaintiff's claims do not present a justiciable case or controversy because (1) the plaintiff's claims are not ripe for decision, and (2) plaintiff does not meet the requirements of Article III standing. The Court concludes that this matter is not ripe and therefore grants the motion to dismiss.

I. BACKGROUND

Plaintiff National Federation of Independent Business ("NFIB") is a non-profit corporation which represents the interests of its small business owner members. See Complaint at 3. The Architectural and Transportation Barriers Compliance Board ("Access Board") is an independent federal agency established by Section 502 of the Rehabilitation Act. The Access

Board is responsible for establishing minimum guidelines to ensure that facilities covered by the Americans with Disabilities Act are accessible to individuals with disabilities. See Memorandum in Support of Defendants' Motion to Dismiss ("Mot.") at 5. The guidelines issued by the Access Board are known as the ADA Accessibility Guidelines ("ADAAG"), and address the new construction and alteration of facilities. See id.

Plaintiff has brought suit against defendants Architectural and Transportation Barriers Compliance Board ("Access Board") and its Chair, Jan Tuck, in her official capacity, alleging a procedural violation of the Regulatory Flexibility Act, 5 U.S.C. § 601 et seq. (as amended) ("RFA"). See Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Opp.") at 2. The RFA requires either that a rulemaking agency conduct a regulatory flexibility analysis when promulgating rules, 5 U.S.C. § 604(a),[1] or that the head of the agency certify that the rule will not, if promulgated, have a significant economic impact on a substantial number of small entities[.]" 5 U.S.C. § 605(b).[2] The RFA requires that a certification under

---

[1] 5 U.S.C. § 604(a) provides (in relevant part):

When an agency promulgates a final rule . . . after being required by that section or any other law to publish a general notice of proposed rulemaking . . . the agency shall prepare a final regulatory flexibility analysis.

[2] 5 U.S.C. § 605(b) provides:

Sections 603 and 604 of this title shall not apply to any proposed or final rule if the head of the agency certifies that the rule will not, if promulgated, have a significant economic impact on a substantial number of small entities. If the head of the agency makes a certification under the preceding sentence, the agency shall publish such certification in the Federal Register at the time of publication of general notice of proposed rulemaking for the rule or at the time of publication of the final rule, along with a

2

section 605(b) be accompanied by a statement providing the factual basis of such certification. See 5 U.S.C. § 605(b).

During a revision of the ADAAG, the Access Board certified pursuant to Section 605(b) of the RFA that the revised guidelines would not have a significant impact on a substantial number of small entities. See 64 Fed. Reg 62,248 (November 19, 1994); Mot. at 6. Plaintiff had filed comments "objecting to the certification and insisting that the Access Board conduct a regulatory flexibility analysis." Opp. at 9. The Access Board then published the Revised ADAAG as a Final Rule and again certified that the rule had no significant economic impact on a substantial number of small entities. See 69 Fed. Reg 44,083 (July 23, 2004); Opp. at 9. In the complaint, plaintiff alleges that the Access Board "issued a baseless certification" and that the certification was made "falsely." Complaint at 8, 11. Plaintiff notes that the certification was based on a regulatory assessment, and then argues that the certification was "arbitrary, capricious, and not in accordance with law[.]" Complaint at 11-12. In support, plaintiff attacks the conclusion of the Access Board and the sufficiency of the data it considered. See Complaint at 12-13.

The ADAAG issued by the Access Board are not directly enforceable against plaintiff's members. Rather, plaintiff's members are required to comply with the standards issued by the Department of Justice ("DOJ"). See Mot. at 11; Opp at 9. DOJ has issued an Advance Notice of Proposed Rulemaking in response to the Revised ADAAG at issue in this case, but it has not issued its final rule. See Mot. at 11; Opp. at 9-10; see also 69 Fed. Reg.

---

       statement providing the factual basis for such certification. The agency shall provide such certification and statement to the Chief Counsel for Advocacy of the Small Business Administration.

58,768 (2004).

Plaintiff seeks declaratory and injunctive relief, declaring that the Access Board violated the RFA in issuing Revised ADA Accessibility Guidelines, rescinding the Revised ADA Accessibility Guidelines' status as a final rule, and ordering defendants to comply with the RFA in issuing new Revised ADA Accessibility Guidelines. See Complaint at 15-16. Defendants move to dismiss the complaint, arguing that plaintiff's complaint does not meet the justiciability requirements of standing or ripeness. See Mot. at 2.

## II. DISCUSSION

### *A. Motions to Dismiss under Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction, with the ability only to hear cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. See, e.g., Hunter v. District of Columbia, 384 F.Supp.2d 257, 259 (D.D.C. 2005); Srour v. Barnes, 670 F. Supp. 18, 20, (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that the court has jurisdiction. See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). In considering whether to dismiss a complaint for lack of subject matter jurisdiction, the court must accept all of the factual allegations in the complaint as true, but may in appropriate cases consider certain materials outside the pleadings. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). "[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record,

or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. See Primax Recoveries, Inc. v. Lee, 260 F. Supp.2d 43, 47 (D.D.C. 2003).

### B. Ripeness and Standing

The ripeness doctrine "limits the power of federal courts in adjudicating disputes. Its roots are found in both the Article III requirement of 'case or controversy' and prudential considerations favoring the orderly conduct of the administrative and judicial processes." State Farm Mut. Auto. Ins. Co. v. Dole, 802 F.2d 474, 479 (D.C. Cir. 1986). To meet the Article III requirements of ripeness in the context of a challenge to an administrative action, a plaintiff must demonstrate both (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. See Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967); Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers, 417 F.3d 1272, 1281 (D.C. Cir. 2005). In evaluating such a challenge, a court must consider whether judicial intervention would inappropriately interfere with further administrative action, whether the court would benefit from further factual development of the issues, and whether delayed review would cause hardship to the plaintiff. See Natural Resources Defense Council v. F.A.A., 292 F.3d 875, 881 (D.C. Cir. 2002); Wyoming Outdoor Council v. U.S. Forest Service, 165 F.3d 43, 48-49 (D.C. Cir. 1999) (quoting Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 733 (1998)).

Sometimes the issue presented is a purely legal question, allowing for decision without the need for additional development of the factual record, but the case generally is not fit for review if the agency has not made a final decision on the matter before it. See State Farm Mut. Auto. Ins. Co. v. Dole, 802 F.2d at 479; see also Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers, 417 F.3d at 1281. The ripeness doctrine prevents the courts through premature adjudication "from entangling themselves in abstract disagreements over administrative policies," and it "protects agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, 387 U.S. at 148-49.

Defendants also assert that plaintiff lacks Article III standing. To meet the requirements of Article III standing, a plaintiff must show: (1) that it has suffered an injury in fact, the invasion of a legally protected interest; (2) that the injury is fairly traceable to the defendant's conduct (a causal connection); and (3) that a favorable decision on the merits likely will redress the injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Center for Law and Education v. Dept. of Education, 396 F.3d 1152, 1157 (D.C. Cir. 2005). The alleged injury in fact must be concrete and particularized and actual or imminent, not conjectural, hypothetical or speculative. See Lujan v. Defenders of Wildlife, 504 U.S. at 560-561; Sierra Club v. EPA, 292 F.3d 895, 898 (D.C. Cir. 2002). The standing inquiry is particularly rigorous when a court is considering the asserted unconstitutionality of actions taken by another branch of the government. See Raines v. Byrd, 521 U.S. 811, 819 (1997). If plaintiff cannot meet all three prongs of the standing test, then the Court must dismiss the suit for lack of constitutional standing.

In this case, the Revised ADAAG at issue were promulgated by the Access Board, but plaintiff's members are required to comply only with standards promulgated by DOJ. See Mot. at 11; Opp. at 9. DOJ has expressed its intention to conduct its own regulatory flexibility analysis or certification pursuant to the RFA prior to incorporating the Revised ADAAG into its standards. See 69 Fed. Reg at 58779-80; see also Mot. at 7-8.[3] The Court concludes that this case is not ripe for decision because the DOJ – the administrative agency with enforcement authority over the plaintiff's members – is in the midst of ongoing rulemaking proceedings that will determine what standards eventually will apply. The Court believes that in this case and at this time, judicial intervention might inappropriately interfere with the pending administrative action of DOJ, and that the Court would benefit from further factual development of the issues. See Wyoming Outdoor Council v. U.S. Forest Service, 165 F.3d at 48-49. Delay in review should not cause undue hardship to the plaintiff's members because the Access Board's guidelines are not enforceable against them.

Plaintiff argues that its claims of RFA procedural violation "can never get riper," as was the case in Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers, 417 F.3d at 1286. See Opp. at 17-18. The Court disagrees. The claims in this case can get riper – when

---

[3] "Also, consistent with the Regulatory Flexibility Act of 1980 and Executive Order 13272, the Department [of Justice] must consider the impacts of any proposed rule on small entities, including small businesses, small nonprofit organizations, and small governmental jurisdictions. The Department will make an initial determination as to whether the proposed rule is likely to have a significant economic impact on a substantial number of small entities, and if so, the Department will prepare an initial regulatory flexibility analysis analyzing the economic impacts on small entities and regulatory alternatives that reduce the regulatory burden on small entities while achieving the goals of the regulation. In response to this ANPRM, the Department encourages small entities to provide cost data on the potential economic impact of applying specific provisions of ADAAG to existing facilities and recommendations on less burdensome alternatives, with cost information." 69 Fed. Reg. 58768, 58778 -79.

DOJ issues a rule that is enforceable against plaintiff's members. The Court therefore grants the motion to dismiss.[4] An Order consistent with this Memorandum Opinion will issue this same day.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 11/3/06

---

[4] Having concluded that this action is not ripe, the Court need not decide whether the plaintiff has shown that it has constitutional and prudential standing. See Center for Law and Education v. Dept. of Education, 396 F.3d at 1156 (The Court "need not identify every ground for holding that a claim is not justiciable" and has "no trouble dismissing a claim based on one jurisdictional bar rather than another." (internal quotations and citations omitted)). Because the Court is hard-pressed to see how this plaintiff or its members have been injured or how a favorable decision on the merits at this stage would redress any injury suffered by this plaintiff, the Court does not believe, however, that plaintiff has standing to sue.